HARDING, Justice.
We have for review Albertson’s, Inc. v. Florida Department of Professional Regulation, 658 So.2d 134 (Fla. 1st DCA 1995), where the district court expressly declared a state statute valid. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Petitioners in this case (“Albertson’s”) are a group of chain drugstores who brought an action in the trial court alleging that section 408.706(10), Florida Statutes (1993), violates both the Commerce and Equal Protection Clauses of the United States Constitution. The trial court struck a portion of the statute as an unconstitutional violation of the Commerce Clause, but it upheld the remainder of the statute. The First District Court of Appeal affirmed. Albertson’s, Inc. v. Florida *709 Dep’t of Prof. Regulation, 658 So.2d 134 (Fla. 1st DCA 1995). This Court accepted jurisdiction because the district court of appeal expressly declared valid a state statute, and we now approve the decision of the district court.
The statute at issue is part of a scheme which sets up Community Health Purchasing Alliances (CHPA’s) to help ensure equal access to affordable health care. These CHPA’s can approve “Accountable Health Partnerships” (AHP’s) to provide health care services to alliance members. The statute provides that where an AHP (as defined in chapter 465) has contracted with specific pharmacies to provide prescription services, individual members of the health plan may use other, independent pharmacies for prescription services, subject to certain conditions. The independent pharmacy must provide service at the same (or a lesser) rate as the contract pharmacy, and must meet any other qualifications necessary for participation in the specific health partnership. The contested portion of the statute is that part which defines an “independent pharmacy” as one which
is not part of a group of affiliated pharmacy facilities which are under common ownership directly or indirectly in which the group has greater than 12 pharmacy facilities in the state or has directly or indirectly any interest in any facilities licensed under another state’s laws for the purpose of providing prescribed medicine services.
§ 408.706(10), Fla. Stat. (1993).
Albertson’s brought a facial challenge to the section, arguing that it illegally limits certain Florida-based companies’ access by barring both all pharmacies licensed under another state’s law and all pharmacies with more than twelve Florida locations. That part of the statute which related to pharmacies licensed under another state was struck by the trial court; the trial court’s order in this regard was affirmed by the district court and is not challenged here.
After adopting and reprinting a portion of the analysis from the trial court’s final judgment detailing the legislative intent and structure of the statutory section at issue, the district court held that the part of the statute containing a numerical limitation was constitutional.
In examining the section, the district court relied on the test set out in Pike v. Bruce Church, Inc., 397 U.S. 137, 90 S.Ct. 844, 25 L.Ed.2d 174 (1970):
Where the statute regulates evenhandedly to effectuate a legitimate local public interest, and its effects on interstate commerce are only incidental, it will be upheld unless the burden imposed on such commerce is clearly excessive in relation to the putative local benefits. If a legitimate local purpose is found, then the question becomes one of degree. And the extent of the burden that will be tolerated will of course depend on the nature of the local interest involved, and on whether it could be promoted as well with a lesser impact on interstate activities.
Id. at 142, 90 S.Ct. at 847 (citations omitted).
The district court found that the legislation regulates evenhandedly and only incidentally affects interstate commerce, since all pharmacies — intra and interstate — which operate more than twelve facilities in Florida are excluded from classification as “independent” pharmacies under the statute. We agree.
Discrimination in Commerce Clause cases means “differential treatment of in-state and out-of-state economic interests that benefits the former and burdens the latter.” Oregon Waste Systems, Inc. v. Department of Environmental Quality, 511 U.S. 93, —, 114 S.Ct. 1345, 1350, 128 L.Ed.2d 13 (1994). The statute at issue here does not treat in-state and out-of-state businesses differently; both are subject to the same numeric limitation. Albertson’s argument that there are a much larger number of interstate pharmacies affected by the legislation than intrastate pharmacies is unconvincing: as pharmacy chains expand and contract, the numbers affected by the legislation will correspondingly fluctuate. The statute, however, will continue to regulate evenhandedly because any intrastate pharmacy which opens more than twelve facilities will be precluded from the classification just as any interstate pharmacy with as many facilities will.
*710 In addition to finding that the statute promoted affordable and geographically accessible health care, the court found that without the exemption created by the numeric limitation, so-called “mom and pop” pharmacies would be unable to compete to provide pharmacy services to CHPA members. These are both substantial and legitimate state interests.
The statute at issue regulates evenhandedly, effectuates a legitimate public purpose, and uses means narrowly tailored to promote that end without creating a substantial burden on interstate commerce. It squarely satisfies the requirements set out by the Supreme Court in Pike.
In conclusion, the critical consideration in Commerce Clause analysis is the overall effect of the statute. Brown-Forman Distillers Corp. v. New York State Liquor Auth., 476 U.S. 573, 579,106 S.Ct. 2080,2084, 90 L.Ed.2d 552 (1986). The statutory section is not to be considered in a vacuum, but instead along with the other components of the statutory scheme. See, e.g. Department of Revenue v. Kuhnlein, 646 So.2d 717, 722 (Fla.1994). After such examination, it is clear that there is no discrimination against out-of-state businesses. They are treated the same as in-state businesses under the statute.
For the reasons expressed above, we approve the decision of the district court and declare that portion of section 408.706(10) containing the independent pharmacy exemption valid.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, WELLS and ANSTEAD, JJ., concur.